DECISION AND JUDGMENT
{¶ 1} Appellant, Donald Garabrandt, appeals his conviction and sentence on two counts of rape in the Lucas County Court of Common Pleas. Appellant also appeals his classification as a sexually oriented offender. *Page 2 
 {¶ 2} Appellant was accused of sexually molesting a two year-old relative. On June 15, 2006, a Lucas County Grand Jury handed down a three count indictment charging appellant with two counts of rape of a victim under age ten, in violation of R.C. 2907.02(A), and one count of gross sexual imposition, in violation of R.C. 2907.04(A) and (B).
 {¶ 3} Appellant pled not guilty, but later agreed to plead no contest to two amended counts of rape of a victim under age 13 and an agreement by the state to nolle prosequi the remaining count. The trial court accepted the plea on September 13, 2006, found appellant guilty and sentenced him to serve two consecutive eight year terms of incarceration. At the request of appellant, the sexual offender classification hearing was postponed until December 8, 2006, at which time appellant was adjudicated a sexually oriented offender. Appellant appealed on December 20, 2006.
 {¶ 4} Appellant's appointed counsel has filed a motion to withdraw, pursuant to Anders v. California (1967), 386 U.S. 738. Counsel states that she has thoroughly reviewed the record and is unable to identify any arguably meritorious issue for appeal. In conformity withAnders, counsel has filed a brief in which she discusses three areas of potential error that she has considered, yet rejected as unsupported by the record. A copy of appellant's brief has been provided to appellant, along with correspondence advising him of his right to submit his own brief. Appellant has filed no brief in this matter.
 {¶ 5} App. R. 4 provides that a notice of criminal appeal must be filed within 30 days of the entry of the judgment or order appealed. The rule is mandatory and *Page 3 
jurisdictional. Kaplysh v. Takieddine (1988), 35 Ohio St.3d 170, paragraph one of the syllabus. Appellant's judgment of conviction was entered on September 19, 2006. His notice of appeal was filed on December 20, 2006, three months later. Accordingly, we may not consider appellant's appeal with respect to his conviction or sentence and this portion of his appeal must be dismissed.
 {¶ 6} However, the appeal of appellant's sexual offender classification was timely. Sexual offender classifications are civil in nature, State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus, and thus constitute separate proceedings when not coupled with an initial conviction and sentence. Nevertheless, our own independent examination of the record of the proceeding reveals no grounds for meritorious appeal with respect to appellant's classification as a sexually oriented offender. Accordingly, this appeal is found to be without merit, and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted.
 {¶ 7} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1