[Cite as *State v. Sewell*, 2010-Ohio-6369.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 10CA11 |
| vs. | : | |
| BENJAMIN SEWELL, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Chandra L. Ontko, 665 Southgate Parkway,
                            Cambridge, Ohio 43725

APPELLANT PRO SE:           Benjamin Sewell, #525-906, Chillicothe Correctional
                            Institution, P.O. Box 5500, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE:       James E. Schneider, Washington County Prosecuting
                            Attorney, and Alison L. Cauthorn, Washington County
                            Assistant Prosecuting Attorney, 205 Putnam Street,
                            Marietta, Ohio 45750

_____     CRIMINAL APPEAL
FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-17-10

ABELE, J.

{¶ 1} This is an appeal from Washington County Common Pleas Court

sentencing entries.   Benjamin Sewell, defendant below and appellant herein,

previously pled guilty to two counts of rape in violation of R.C. 2907.02(A)(1)(b).

Appellant's counsel advised this Court that she has reviewed the record and can

discern no meritorious claim on appeal, except for the following potential error:

"THE DEFENDANT ALLEGES THAT THE TRIAL COURT'S FAILURE TO USE THE SPECIFIC WORD 'MANDATORY' IN EXPLAINING TO THE DEFENDANT THE CONSEQUENCE OF POST RELEASE CONTROL MADE HIS ORIGINAL SENTENCE VOID."

{¶ 2}   Pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel requests, and we hereby grant, leave to withdraw.   Appellant also filed a pro se brief with the following "propositions of law" that we treat as "assignments of error:"[1]

FIRST PRO SE ASSIGNMENT OF ERROR:

"THE RETROACTIVE APPLICATION OF SB 10 PROVISIONS IMPOSES PUNISHMENT IN VIOLATION OF OHIO'S DOUBLE JEOPARDY CLAUSE."

SECOND PRO SE ASSIGNMENT OF ERROR:

"THE RETROACTIVE APPLICATION OF SB 10 PROVISIONS VIOLATES THE DUE PROCESS CLAUSE OF THE OHIO CONSTITUTION."

THIRD ASSIGNMENT OF ERROR:

"THE RETROACTIVE APPLICATION OF SB 10 PROVISIONS VIOLATES THE SEPARATION OF POWERS DOCTRINE OF THE OHIO CONSTITUTION."

FOURTH ASSIGNMENT OF ERROR:

"THE RETROACTIVE APPLICATION OF SB 10 PROVISIONS VIOLATES THE RETROACTIVITY CLAUSE OF THE OHIO CONSTITUTION."

---

[1] App.R. 16(A)(3) requires that a brief contain assignments of error presented for review on appeal and that they be included in a separate statement.   In light of the fact that no such statement is included in appellant's pro se brief, we take his "assignments of error" from the table of contents.

FIFTH ASSIGNMENT OF ERROR:

"THE RETROACTIVE APPLICATION OF SB 10
PROVISIONS VIOLATES THE CONTRACT CLAUSE OF
THE OHIO CONSTITUTION."

{¶ 3}   In June 2006, appellant pled guilty to two counts of rape.   The trial court sentenced him to serve concurrent five year terms.   Because the original sentencing entry did not include a provision for post-release control, on February 19, 2010 appellant was afforded a de novo sentencing hearing.[2]   On March 11, 2010, the trial court filed an amended entry that specified post-release control.

{¶ 4}   A second amended sentencing entry (March 23, 2010) corrected a mistake with the dates noted in the prior amended entry.   A third amended sentencing entry (to correct the March 23rd entry) was filed on April 6, 2010.   This third amended entry included the trial court's finding that classified appellant as a Tier III sex offender pursuant to the Ohio version of the Adam Walsh Child Protection and Safety Act (AWA) enacted in 2007.[3]   See Am.Sub.S.B. 10, 2007 Ohio Laws, File No. 10. This appeal followed.[4]

---

[2] The Ohio Supreme Court held in State v. Singleton, 124 Ohio St.3d 173, 920 N.E.2d 958, 2009-Ohio-6434 that "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease [sic] control, trial courts shall conduct a de novo sentencing hearing . . ." Id. at paragraph one of the syllabus.

[3] Appellant had already been so classified, but the language was inadvertently omitted from the amended sentencing entries.   He challenged his classification at the time it was previously imposed and raised the same arguments he now raises here, but we rejected them and affirmed the classification. See State v. Sewell, Ross App. No. 08CA3042, 2009-Ohio-594.   That affirmance was subsequently reversed by the Ohio Supreme Court in In re Sexual Offender Reclassification Cases, 126 Ohio St.3d 322, 933 N.E.2d 801, 2010-Ohio-3753 at ¶20.

[4] The March 25, 2010 notice of appeal states that it is directed only at the March

I

{¶ 5}  In the potential assignment of error, it appears that appellate counsel is challenging the absence of the word "mandatory" in the trial court's sentencing entry.

{¶ 6}  To the extent that counsel challenges the 2010 proceedings, our review reveals that the re-sentencing hearing transcript indicates that the trial court informed appellant that "[p]ost release control is mandatory in your case."   That same word also appears twice in the March 11, 2010 sentencing entry.

{¶ 7}  To the extent that counsel challenges the absence of the word "mandatory" in the original sentencing proceeding, we note that re-sentencing hearing was conducted de novo pursuant to State v. Singleton, 124 Ohio St.3d 173, 920 N.E.2d 958, 2009-Ohio-6434, at paragraph one of the syllabus.   A hearing "de novo" is generally defined as a "new hearing."   See Black's Law Dictionary (5th Ed. 1979) 649.

{¶ 8}  For these reasons, we find no merit to appellate counsel's proposed, potential assignment of error and it is hereby overruled.

II

{¶ 9}  Turning our attention to appellant's arguments, we proceed out of order to his third pro se assignment of error wherein he asserts that his Tier III sex offender classification under the AWA violates Ohio's Separation of Powers Doctrine.   We note

23, 2010 judgment.   Appellant's pro se brief, however, is directed at the April 25, 2010 amended sentencing entry.   Pursuant to App.R. 4(C), we treat the notice of appeal as directed to the later entry as well.   We note, however, that if the sexual offender classification had not been included in an amended sentencing entry, the failure to file a subsequent notice of appeal from the April 25, 2010 entry would have deprived us of jurisdiction because sex offender classifications are civil in nature and, thus, separate proceedings from criminal sentencing. See State v. Garabrandt, Lucas App. No.

that the Ohio Supreme Court recently addressed that argument, reversed the

classification and remanded the matter.   See In re Sexual Offender Reclassification

Cases, 126 Ohio St.3d 322, 933 N.E.2d 801, 2010-Ohio-3753 at ¶20.[5]   The Ohio

Supreme Court's ruling on the argument is not only dispositive of that issue here, but

also renders moot appellant's other challenges to the AWA.   Thus, we disregard the

five pro se assignments of error.   See App.R. 12(A)(1)(c).


{¶ 10} Accordingly, we hereby affirm the March 11, 2010 judgment.   However,

the Ohio Supreme Court has reversed appellant's sexual offender classification and

remanded it to the trial court for further consideration. See In re Sexual Offender

Reclassification Cases, supra at ¶20.   As with this Court, the trial court is obligated to

follow the Ohio Supreme Court's directive and we need not take further action on that

matter or other issues raised in appellant's pro se brief.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the

---

L-06-1400, 2008-Ohio-4128, at ¶6.

[5] In State v. Bodyke, 126 Ohio St.3d 266, 933 N.E.2d 753, 2010-Ohio-2424, the Court ruled that "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the opening of final judgments." Id. at paragraph three of the syllabus.

Washington County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.