O’Donnell, J.
*174 {¶ 1} The question we confront in this case is whether the de novo sentencing procedures detailed in decisions of this court or the remedial procedures set forth in R.C. 2929.191 (see Appendix for the text of R.C. 2929.191), which became effective July 11, 2006, should be used by trial courts to properly sentence an offender when correcting a failure to properly impose postrelease control. The answer to this question is that in the absence of a statutory remedy, our caselaw provides a constitutional remedial procedure for trial courts to follow in correcting a court’s failure to properly impose postrelease control prior to July 11, 2006; with the enactment of R.C. 2929.191, however, which became effective July 11, 2006, the legislature has promulgated a statutory remedy for trial courts to use to correct an error in imposing postrelease control. Accordingly, for sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio. However, for criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191.
{¶ 2} In this case, the court sentenced Jason Singleton on December 21, 2000, prior to the effective date of R.C. 2929.191. Therefore, we affirm the judgment of the court of appeals, which remanded this case for a de novo sentencing in accordance with our prior decisions.
Facts and Procedural History
{¶ 3} On February 22, 2000, Detective Dave Loeding of the North Royalton Police Department filed complaints in the Cuyahoga County Juvenile Court alleging 16-year-old Jason Singleton to be a delinquent child. The juvenile court conducted an amenability hearing and transferred the case to the general division of the common pleas court, and subsequently a grand jury indicted Singleton for rape with a sexually violent predator specification, kidnapping with sexual motivation and sexually violent predator specifications, aggravated burglary, aggravated robbery, and felonious assault. As a result of plea bargaining, Singleton pleaded guilty to rape without a sexually violent offender specification and to felonious assault, and the state nolled the remaining counts.
{¶ 4} The court sentenced Singleton on December 21, 2000, to a term of imprisonment of ten years for rape consecutive with a term of seven years for felonious assault, and it notified Singleton of five years of postrelease control. However, at that sentencing hearing, the court failed to notify Singleton that for a violation of postrelease control, the parole board could impose a prison term as part of his sentence of up to one-half of the stated prison term originally imposed on him. And in its sentencing entry, the court referred only to the possibility of five years of postrelease control, and it did not specify that the parole board could *175 impose an additional prison term of up to one-half of his prison sentence for a violation of postrelease control. See R.C. 2929.19(B)(3)(c) and (e).
{¶ 5} The General Assembly enacted Am.Sub.H.B. No. 137, Baldwin’s Ohio Legislative Service Annotated (Vol. 4, 2006) L-1911, L-1934 (“H.B. 137”), effective July 11, 2006, which amended R.C. 2929.14, 2929.19, and 2967.28 and enacted R.C. 2929.191. Thus, the original sentencing hearing in Singleton’s case occurred before the effective date of H.B. 137.
{¶ 6} On October 25, 2006, Singleton moved to vacate his guilty pleas, claiming that the court had failed to advise him of the mandatory period of postrelease control and the consequences of a postrelease-control violation. The trial court denied the motion to vacate, and Singleton appealed. The court of appeals affirmed the denial of the motion to vacate the plea, but vacated Singleton’s sentence because the judgment entry referred to “discretionary rather than mandatory postrelease control.” State v. Singleton, Cuyahoga App. No. 90042, 2008-Ohio-2351, 2008 WL 2058571, ¶ 48. The court of appeals remanded the cause for a de novo sentencing hearing in accordance with prior decisions of this court because it determined that R.C. 2929.191 did not specify whether a de novo or partial resentencing should be conducted. Id. at ¶ 46.
{¶ 7} We accepted the state’s discretionary appeal and its sole proposition of law: prior to the expiration of a prison term, a trial court may correct a sentence lacking a mandatory term of postrelease control pursuant to R.C. 2929.191. State v. Singleton, 120 Ohio St.3d 1415, 2008-Ohio-6166, 897 N.E.2d 651.
{¶ 8} The state advances two bases for its contention that the trial court does not need to conduct a de novo sentencing hearing to correct the failure to properly impose a mandatory term of postrelease control. First, it argues that the procedures set forth in R.C. 2929.191 have supplanted our caselaw and permit the trial court to conduct a limited resentencing hearing to simply add the missing postrelease-control language. Second, citing our holdings in State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, and State v. Evans, 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113, the state asserts that appellate courts must review sentences on a sanction-by-sanction basis and may vacate erroneously imposed sanctions without vacating other sanctions that the trial court validly imposed. Thus, the state contends that we should remand the cause for a hearing pursuant to R.C. 2929.191 to add the necessary postreleasecontrol language to Singleton’s sentence without conducting a de novo sentencing hearing.
{¶ 9} Singleton, on the other hand, argues that R.C. 2929.191 does not affect our decisions requiring a de novo sentencing hearing to correct the failure to properly impose mandatory postrelease control. Maintaining that his original sentence is void, Singleton contends that a court may not merely add a term of *176 postrelease control to remedy its failure to provide the statutorily mandated notices of postrelease control at the original sentencing hearing or to impose postrelease control in the original sentencing entry. Further, according to Singleton, permitting the trial court to conduct a resentencing hearing limited solely to imposing postrelease control would violate double-jeopardy and due-process protections.
{¶ 10} Accordingly, we are asked to address whether a trial court should apply the procedure set forth in R.C. 2929.191 to add postrelease control to a criminal sentence entered prior to July 11, 2006, or whether it should adhere to the procedure authorized in decisions of this court requiring the trial court to conduct a de novo sentencing hearing.
Law and Analysis

Postrelease Control

{¶ 11} R.C. 2967.28(B) (see Appendix for July 11, 2006 version of R.C. 2967.28) requires a sentencing court imposing a prison term on a first- or second-degree-felony offender or certain other offenders to include in the sentence a term of mandatory postrelease control to be imposed by the parole board on the offender’s release from prison. In addition, R.C. 2929.19 mandates that a court, when imposing sentence, notify the offender at the hearing that he will be supervised pursuant to R.C. 2967.28 and that the parole board may impose a prison term of up to one-half of the prison term originally imposed on the offender if he violates supervision or a condition of postrelease control. R.C. 2929.19(B)(3)(c) and (e). And the imposed postrelease-control sanctions are to be included in the judgment entry journalized by the court.

Sentences Lacking Postrelease Control

{¶ 12} This court has addressed the consequences of a trial court’s failure to adhere to the mandatory requirements of sentencing statutes on several occasions. In State v. Beasley (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774, we considered whether the court’s failure to impose a mandated sentence and its subsequent correction of that sentence violated the defendant’s constitutional guarantee against double jeopardy. Id. at 75, 14 OBR 511, 471 N.E.2d 774. We recognized that “[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.” Id. Because jeopardy does not attach to a void sentence, we held that the court’s subsequent correction of the void sentence did not violate principles of double jeopardy. Id.
{¶ 13} In Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, we addressed the constitutional significance of a trial court’s including postrelease *177 control in its sentence and stated that because the separation-of-powers doctrine precludes the executive branch of government from impeding the judiciary’s imposition of a sentence, the Adult Parole Authority may impose postreleasecontrol sanctions only if a trial court incorporates postrelease control into its original sentence. Id. at 512-513, 733 N.E.2d 1103.
{¶ 14} In State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, this court considered the consequences of a trial court’s failure to advise an offender about postrelease control at the sentencing hearing. Id. at ¶ 1. Applying Beasley, we held that “[bjecause a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law” and void, and the cause must be remanded for resentencing. Id. at ¶ 23, 27.
{¶ 15} We again confronted a sentencing court’s failure to notify or incorporate postrelease control into its sentencing entry in Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301; however, in that case, discovery of the sentencing error did not occur until after the offender had been released from prison, placed on postrelease control by the parole board, and reimprisoned for violating the terms of postrelease control. Id. at ¶ 4-7. There, we granted a writ of habeas corpus in conformity with our decisions in Jordan and Woods, holding that the parole board lacked authority to impose postrelease control because the trial court had failed to notify the offender of postrelease control or to incorporate it into the sentencing entry and because Hernandez had completed serving that sentence when the error was discovered. Id. at ¶ 32.
{¶ 16} After Hernandez, we denied a petition seeking a writ of prohibition to vacate a resentencing entry imposing a mandatory period of postrelease control. State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 1. Unlike in Hernandez, the court discovered the sentencing error in Cruzado before the inmate had completed serving the sentence, and the court conducted a resentencing hearing and imposed a mandatory three-year period of postrelease control. Id. at ¶ 9-11. Citing Beasley and Jordan, and distinguishing Hernandez on the basis that Cruzado had not yet completed his sentence, we held that the trial court did not patently and unambiguously lack jurisdiction to correct the sentence. Id. at ¶ 19-28, 32.
{¶ 17} In State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, we concluded that an offender is entitled to a de novo sentencing hearing for the trial court to correct a sentence that omitted notice of postrelease control. While the enactment of H.B. 137 preceded our decision in Bezak, the parties did not raise, and we did not address, the potential application of R.C. 2929.191. Impprtantly, because Bezak had already completed his term of imprisonment, the trial court *178 could not, consistent with our decision in Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32, conduct a resentencing.
{¶ 18} In State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, we stated: “[I]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence.” Id. at ¶ 6. Further, we recognized that conducting a new sentencing hearing would not offend double jeopardy or due process, because an offender could not have a legitimate expectation of finality in a void sentence. Id. at ¶ 36-37.
{¶ 19} In State v. Boswell, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, we held that “[a] motion to withdraw a plea of guilty or no contest made by a defendant who has been given a void sentence must be considered as a presentence motion under Crim.R. 32.1.” Id. at syllabus. Because the trial court failed to include postrelease control as mandated by statute, we vacated Boswell’s void sentence, remanded the case for the court to consider his motion to withdraw his plea under the proper standard, and ordered resentencing if the court ultimately denied his motion to withdraw his guilty plea. Id. at ¶ 13.
{¶ 20} Most recently, in State v. Bloomer, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, we addressed constitutional challenges to R.C. 2929.191 raised by three separate offenders in separate cases. There, (1) we determined that offenders who had been sentenced and received de novo sentencing hearings before July 11, 2006, the effective date of R.C. 2929.191, lacked standing to challenge the constitutionality of the statute, ¶ 31, (2) we rejected separation-of-powers and one-subject-rule challenges to R.C. 2929.191, ¶ 45 and ¶ 56, and (3) we held that when a court fails to impose postrelease control before an offender completes the stated term of imprisonment, under either our caselaw or R.C. 2929.191, the offender must be discharged, ¶ 69-71.

H.B. 137

{¶ 21} R.C. 2929.191, enacted as part of H.B. 137, purports to apply retrospectively to offenders sentenced prior to the effective date of the statute. We recognize that all statutes enjoy a strong presumption of constitutionality. Woods v. Telb, 89 Ohio St.3d 504, 510-511, 733 N.E.2d 1103 (a statute will be found unconstitutional only if the statute’s challenger succeeds in proving beyond a reasonable doubt that the legislation is not compatible with constitutional provisions). R.C. 1.47 provides that “[i]n enacting a statute, it is presumed that * * * [compliance with the constitutions of the state and of the United States is *179 intended.” Furthermore, the General Assembly is vested with broad authority pursuant to its police powers to enact laws defining criminal conduct and prescribing its punishment, and such statutes will not lightly be held invalid. State v. Thompkins (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926.
{¶ 22} In 1996, the General Assembly imposed a duty on trial courts to notify an offender at the sentencing hearing of the imposition of postrelease control and of the authority of the parole board to impose a prison term for a violation; the General Assembly also required that a court include any postrelease-control sanctions in its sentencing entry. See former R.C. 2929.14(F) and former R.C. 2929.19(B)(3)(b) through (d) and (B)(4), Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7470, 7486-7487. However, prior to the enactment of R.C. 2929.191 in July 2006, no statutory mechanism existed to correct a sentence that failed to comport with these statutory requirements. We determined such sentencing judgments to be contrary to law, thereby rendering them subject to de novo sentencing. See generally Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; Cruzado, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263; Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.
{¶ 23} But with R.C. 2929.191, the General Assembly has now provided a statutory remedy to correct a failure to properly impose postrelease control. Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control. It applies to offenders who have not yet been released from prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to postrelease control, those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or those who did not have both of these statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B). For those offenders, R.C. 2929.191 provides that trial courts may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control.
{¶ 24} R.C. 2929.191(C) prescribes the type of hearing that must occur to make such a correction to a judgment entry “[o]n and after the effective date of this section.” The hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B) pertain only to the flawed imposition of postrelease control. R.C. 2929.191 does not address the remainder of an offend *180 er’s sentence. Thus, the General Assembly appears to have intended to leave undisturbed the sanctions imposed upon the offender that are unaffected by the court’s failure to properly impose postrelease control at the original sentencing.

Retrospective Application of R.C. 2929.191

{¶ 25} Before the enactment of R.C. 2929.191, no statutory remedy existed for the correction of a sentence that failed to properly impose postrelease control. In the absence of a statutory remedy, we recognized that a sentence that failed to properly impose a statutorily mandated period of postrelease control was contrary to law when imposed. See Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23; Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 13. When a sentence is a nullity, it is as though it never occurred. Id., citing Romito v. Maxwell (1967), 10 Ohio St.2d 266, 267, 39 O.O.2d 414, 227 N.E.2d 223. Accordingly, we directed trial courts to conduct a de novo sentencing.
{¶ 26} R.C. 2929.191 purports to authorize application of the remedial procedure set forth therein to add postrelease control to sentences imposed before its effective date. We recognize the General Assembly’s authority to alter our easelaw’s characterization of a sentence lacking postrelease control as a nullity and to provide a mechanism to correct the procedural defect by adding postrelease control at any time before the defendant is released from prison. However, for sentences imposed prior to the effective date of the statute, there is no existing judgment for a sentencing court to correct. H.B. 137 cannot retrospectively alter the character of sentencing entries issued prior to its effective date that were nullities at their inception, in order to render them valid judgments subject to correction. Therefore, for criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, the de novo sentencing procedure detailed in decisions of the Supreme Court of Ohio should be followed to properly sentence an offender.

Prospective Application of R.C. 2929.191

{¶ 27} Although our caselaw has previously characterized a sentence lacking postrelease control as a nullity, H.B. 137 demonstrates a legislative intent to apply the sentence-correction mechanism of R.C. 2929.191 to sentences imposed after the act’s effective date. Specifically, in Section 5(B) of H.B. 137 at L-1971, the General Assembly declared that the “amendments made to sections 2929.14, 2929.19, and 2967.28 and the enactment of section 2929.191 of the Revised Code * * * apply to all convicted offenders described in division (A) of this Section, regardless of whether they were sentenced prior to, or are sentenced on or after, the effective date of this act.” (Emphasis added.) And in Section 7 of H.B. 137, L-1971 to L-1972, the General Assembly also declared the act to be “an emergency measure necessary for the immediate preservation of the public *181 peace, health, and safety” and provided for it to go into immediate effect. Section 7 further states that “the amendments made in this act are crucially needed to clarify the law to protect the residents of this state from the consequences that might result if the state is forced to release without supervision offenders who have been convicted of serious offenses and imprisoned, solely because the offenders were not provided notice of the fact that the law always requires their supervision upon release from prison.” Id.
{¶ 28} Additionally, R.C. 2929.191(C) provides that “[o]n and after the effective date of this section,” a trial court “that wishes to” may “prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) and (B)(1) of this section” after a hearing in accordance with division (C). This provision can be interpreted two ways.
{¶ 29} If the “type” of judgment mentioned in R.C. 2929.191(C) is viewed generally as applicable to any situation in which postrelease control has not been properly imposed, including situations in which the initial sentencing occurred after the effective date of R.C. 2929.191, then the statute has prospective application.
{¶ 30} On the other hand, if the “type” of judgment referred to in R.C. 2929.191(C) is viewed as also incorporating the phrases within R.C. 2929.191(A)(1) and (B)(1) providing that the statute applies to sentences imposed “prior to the effective date of this section,” then the statute could be viewed as a gap-filler that was intended to apply only to those situations in which the initial sentencing occurred prior to the effective date of R.C. 2929.191 and the corrective sentencing occurs after the statute’s effective date.
{¶ 31} But this latter reading would fall short of meeting the stated legislative intent of correcting the problem of sentencing courts that fail to properly impose statutorily mandated terms of postrelease control because, as we have already stated, the statute cannot apply retrospectively. Thus, the better view, given this express legislative purpose, is the former. See Section 5(B) of H.B. 137 (declaring that the amended statutes and newly enacted R.C. 2929.191 “apply to all convicted offenders described in division (A) of this Section, regardless of whether they were sentenced prior to, or are sentenced on or after, the effective date of this act”).
{¶ 32} Interpreting R.C. 2929.191(C) to apply the corrective mechanism provided in R.C. 2929.191 prospectively gives the statute effect and furthers the General Assembly’s stated intent in passing H.B. 137. It also preserves the constitutionality of H.B. 137 against a separation-of-powers challenge by requiring the trial court to conduct a hearing to add postrelease control to the offender’s existing sentence. See Woods v. Telb, 89 Ohio St.3d 504, 512, 733 N.E.2d 1103 (upholding Adult Parole Authority’s discretionary ability to impose *182 postrelease-control sanctions when such sanctions are part of the original judicially imposed sentence). Thus, prospective application of the corrective procedure set forth in R.C. 2929.191 preserves both the judicial role of imposing punishment and the executive role of carrying out that punishment. Bloomer, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 71.
{¶ 33} Moreover, prospective application of R.C. 2929.191 does not implicate double-jeopardy concerns arising from the imposition of multiple punishments for the same offense at successive proceedings. On or after the effective date of R.C. 2929.191, an offender can have no legitimate expectation of finality in a sentence rendered defective by the trial court’s failure to properly impose a mandatory term of postrelease control, because an offender is charged with knowledge of the fact that his sentence is legally incomplete and that R.C. 2929.191 provides a statutory mechanism to correct it. See State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 36, citing Jones v. Thomas (1989), 491 U.S. 376, 395, 109 S.Ct. 2522, 105 L.Ed.2d 322 (in which Justice Scalia, in dissent, explained that a defendant cannot argue that his legitimate expectation of finality has been violated when he is charged with knowledge that the court lacked statutory authority to impose the sentence in the first instance); see also United States v. Husein (C.A.6, 2007), 478 F.3d 318, 338, quoting United States v. Fogel (C.A.D.C., 1987), 829 F.2d 77, 87 (“ ‘A defendant has a legitimate expectation in the finality of a sentence unless he is or should be aware at sentencing that the sentence may permissibly be increased ’ ” [emphasis added in Husein]).
{¶ 34} In short, the General Assembly’s intention in H.B. 137 to require statutorily provided postrelease control to be included in every sentence to which it applies is manifest. R.C. 2929.191 provides a correction mechanism to effectuate that intention. Thus, effective July 11, 2006, the legislature has, for the first time, afforded a mechanism for trial courts to use in correcting sentences that lack proper imposition of postrelease control, and that mechanism has prospective application only.
Conclusion
{¶ 35} Based upon the foregoing, the de novo sentencing procedure detailed in the decisions of the Ohio Supreme Court is the appropriate method to correct a criminal sentence imposed prior to July 11, 2006, that lacks proper notification and imposition of postrelease control. However, because R.C. 2929.191 applies prospectively to sentences entered on or after July 11, 2006, that lack proper imposition of postrelease control, a trial court may correct those sentences in accordance with the procedures set forth in that statute.
{¶ 36} Here, the state does not dispute that the trial court failed to properly impose postrelease control at Singleton’s original sentencing hearing, which occurred prior to July 11, 2006. For the reasons stated above, R.C. 2929.191 *183 does not apply to Singleton’s sentence. Therefore, this court’s caselaw describes the procedure to be followed to correct this sentence. Accordingly, because the appellate court properly remanded the case for a de novo sentencing hearing pursuant to decisions of this court, the judgment of the court of appeals is affirmed.[1]
Judgment affirmed.
Cupp, J., concurs.
Moyer, C.J., and Pfeifer and O’Connor, JJ., concur in the judgment, paragraph one of the syllabus, and the portion of the opinion addressing the retrospective application of R.C. 2929.191 but dissent as to paragraph two of the syllabus and the portion of the opinion addressing the prospective application of R.C. 2929.191.
Lundberg Stratton and Lanzinger, JJ., concur in paragraph two of the syllabus but dissent from the judgment and paragraph one of the syllabus and would instead reverse the judgment of the court of appeals and hold that R.C. 2929.191 also applies retrospectively.

. This opinion should not be interpreted to require further judicial action in cases in which, prior to the release of this opinion, a trial court has conducted a de novo sentencing hearing in conformity with the caselaw of this court to remedy a sentence lacking postrelease control entered on or after July 11, 2006.