Lanzinger, J.,
concurring.
*544 {¶ 2} While I recognize that Justice Pfeifer has raised legitimate concerns regarding the use of this court’s decision in State v. Singleton to dispose of the present case, I agree that the judgment of the court of appeals should be reversed in this case.
{¶ 3} The proposition of law before us in Singleton stated, “Prior to the expiration of an originally imposed prison term, a trial court may correct an offender’s felony sentence pursuant to the procedure outlined in R.C. 2929.191 if that sentence lacks the sanction of postrelease control.” In my opinion in Singleton, I concluded that “the amendments to R.C. 2929.19 and the enactment of R.C. 2929.191 represent an attempt to return logic and order to this area of the law and that R.C. 2929.191 should be applied both retroactively and prospectively.” State v. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 65 (Lanzinger, J., concurring in part and dissenting in part).
{¶ 4} For the reasons stated in my opinion in Singleton, I continue to maintain that the statute should be applied prospectively and join in the majority’s decision to reverse and remand the present case to the trial court for a hearing pursuant to R.C. 2929.191.