[Cite as *State v. Sherrell*, 2011-Ohio-1033.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2010 CA 00208 |
| HOMER NORMAN SHERRELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common Pleas, Case No. 2006 CR 00814(B)


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: February 28, 2011


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
RONALD MARK CALDWELL
ASSISTANT PROSECUTOR

For Defendant-Appellant

RICHARD DRAKE
303 Courtyard Centre
116 Cleveland Avenue, NW
Canton, Ohio 44702

*Wise, J.*

**{¶1}** Appellant Homer Norman Sherrell, aka Kenneth Sherrell, appeals from his felony resentencing in the Court of Common Pleas, Stark County. The relevant facts leading to this appeal are as follows.

**{¶2}** On June 20, 2006, the Stark County Grand Jury indicted appellant on one count of robbery, R.C. 2911.02(A)(2). Appellant ultimately entered a plea of guilty, and was sentenced on July 13, 2006 to four years in prison. The trial court also notified appellant of mandatory post-release control "up to a maximum of three (3) years." Appellant did not appeal therefrom.

**{¶3}** In 2007 and 2008, appellant filed motions for judicial release, both of which were overruled by the trial court.

**{¶4}** On March 8, 2010, the trial court sua sponte ordered a resentencing hearing. On April 12, 2010, appellant appeared for resentencing via a video link. The trial court corrected the PRC notification at that time to "a mandatory period of three (3) years of post-release control, pursuant to R.C. 2967.28(B)."

**{¶5}** On September 2, 2010, this Court granted leave for appellant to file a delayed appeal. He herein raises the following sole Assignment of Error:

**{¶6}** "I. THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO BE PRESENT IN COURT AT HIS SENTENCING HEARING."

I.

**{¶7}** In his sole Assignment of Error, appellant contends the trial court's procedure to impose corrected PRC requirements was violative of his right to be present at his sentencing hearing. We disagree.

**{¶8}** R.C. 2929.191 sets forth the mechanism for correcting a sentence that fails to properly impose post-release control. Said provision applies prospectively to sentences entered on or after July 11, 2006. *State v. Pearson*, Montgomery App.No. 23974, 2011-Ohio-245, f.n. 3, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶¶ 35-36. See, also, *State v. Nesser*, Licking App.No. 10CA61, 2011-Ohio-94, f.n. 1.

**{¶9}** In the case sub judice, appellant's sentencing entry was filed on July 13, 2006; hence, we apply the requirements of R.C. 2929.191 as set forth in *Singleton*. Subsection (C) of the statute reads in pertinent part as follows: "On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. *** The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. ***."[1]

**{¶10}** Accordingly, we find no merit in appellant's challenge to his PRC video conference resentencing hearing. We additionally note that appellant, raising a constitutional challenge for the first time on appeal, has recited Sec. 10, Article I of the Ohio Constitution in support of his "right to be present" argument. However, we find his

---

[1] See, also, Crim.R. 43(A)(2), which provides criteria for allowing proceedings via remote contemporaneous video without a defendant's physical presence.

brief lacks development of this argument in accordance with App.R. 16(A)(7). The case law cited by appellant, particularly *State v. Marshall*, Lucas App. No. L-00-1381, 2002-Ohio-4826, is focused on the issue of disruptive courtroom behavior by a defendant warranting exclusion from proceedings. We thus find no reversible error in appellant's PRC resentencing under the circumstances presented.

**{¶11}** Appellant's sole Assignment of Error is overruled.

**{¶12}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0210

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HOMER NORMAN SHERRELL | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2010 CA 00208 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES