[Cite as *State v. Barcus*, 2011-Ohio-1313.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| ROBERT BARCUS | : | Case No. 10-CA-101 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Case. No. 2004CR0089


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 21, 2011


APPEARANCES:


For Plaintiff-Appellee          For Defendant-Appellant

TRACY F. VAN WINKLE             ANDREW T. SANDERSON
20 South Second Street          21 West Church Street
4th Floor                       Suite 201
Newark, OH  43055               Newark, OH  43055

*Farmer, P.J.*

{¶1} On September 2, 2004, appellant, Robert Barcus, pled no contest to one count of complicity to trafficking in marijuana in violation of R.C. 2923.03 and R.C. 2925.03, two counts of possession of marijuana in violation of R.C. 2925.11, and two counts of trafficking in marijuana in violation of R.C. 2925.03 (Case No. 04CR0089). By judgment entry filed September 2, 2004, the trial court sentenced appellant to an aggregate term of five years in prison. The trial court did not issue any jail time credit as at the time of his sentencing, appellant was already incarcerated on unrelated charges (Case No. 02CR00096).

{¶2} On March 5, 2009, appellant filed a motion for jail time credit. By judgment entry filed March 25, 2009, the trial court denied the motion. This court affirmed the decision on appeal. See, *State v. Barcus,* Licking App. No. 09-CA-115, 2010-Ohio-122.

{¶3} On June 7, 2010, appellee, the state of Ohio, filed a motion to correct appellant's sentence to include a term of postrelease control. A hearing was held on September 3, 2010. By judgment entry filed same date, the trial court resentenced appellant to five years in prison and imposed three years of postrelease control.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO GRANT THE DEFENDANT-APPELLANT JAIL TIME CREDIT AT THE TIME OF HIS SENTENCING HEARING."

II

{¶6} "THE RESENTENCING OF THE DEFENDANT-APPELLANT WAS IN ERROR."

I, II

{¶7} Appellant claims the trial court erred in failing to grant him jail time credit and erred in resentencing him. We disagree.

{¶8} In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, the Supreme Court of Ohio held the following at paragraph one of the syllabus:

{¶9} "For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio."

{¶10} In this case, appellant was sentenced prior to July 11, 2006 and was not properly informed of postrelease control; therefore, pursuant to *Singleton,* he was entitled to a de novo hearing. However, in *State v. Fischer,* --- Ohio St.3d ----, 2010-Ohio-6238, the Supreme Court of Ohio limited the nature of the de novo hearing:

{¶11} "1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.

{¶12} "2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)

{¶13} "3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

{¶14} "4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶15} As stated by the *Fischer* court in paragraph two of the syllabus, the new sentencing hearing "is limited to proper imposition of postrelease control." Upon review, we find the trial court sub judice properly notified appellant of the mandatory three year postrelease control requirement under R.C. 2967.28(B). T. at 12; Judgment Entry filed September 3, 2010. Jail time credit was not a reviewable issue during this hearing. In addition, the issue was already reviewed on appeal and found to be barred by the doctrine of res judicata. See, *State v. Barcus,* Licking App. No. 09-CA-115, 2010-Ohio-122.

{¶16} Appellant's arguments on res judicata and cruel and unusual punishment are denied based upon the well reasoned opinion by this court in *State v. Burley,* Licking App. No. 09-CA-136, 2010-Ohio-4840.

{¶17} Assignments of Error I and II are denied.

{¶18} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ John W. Wise_____


_s/ Julie A. Edwards_____

JUDGES

SGF/sg 312

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                 :
                                           :
-vs-                                       :                 JUDGMENT ENTRY
                                           :
ROBERT BARCUS                              :
                                           :
    Defendant-Appellant                :                 CASE NO. 10-CA-101



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.


                                         _s/ Sheila G. Farmer_____


                                         _s/ John W. Wise_____


                                         _s/ Julie A. Edwards_____

                                                     JUDGES