[Cite as *State v. Williams*, 2011-Ohio-1979.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-0090 |
| STEVEN WILLIAMS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No. 2008-
                             CR-608D

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 21, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JAMES J. MAYER, JR.                   RYAN M. HOOVLER
PROSECUTING ATTORNEY                  13 Park Avenue West
BY: KIRSTEN PSCHOLKA-GARTNER          Suite 300
38 South Park Street                  Mansfield, OH 44902
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Defendant-Appellant, Steven J. Williams appeals the June 21, 2010 felony resentencing in the Court of Common Pleas, Richland County. The relevant facts leading to this appeal are as follows.

{¶2} Appellant was initially indicted by the Richland County Grand Jury on one count of aggravated burglary, a felony of the first degree, and one count of felonious assault, a felony of the second degree.

{¶3} Appellant entered into a negotiated plea agreement with the State of Ohio in which the State agreed to dismiss Count I, the aggravated burglary charge, in exchange for a plea to Count II, the felonious assault charge. The parties jointly recommended a two year prison sentence and restitution for the victim's injuries and damage to his property. This sentence was imposed by the trial court at a sentencing hearing held on October 28, 2008. However, the sentencing entry issued by the trial court at that time incorrectly stated that appellant's sentence included five years of post release control.

{¶4} Appellant was transported to prison to begin serving his sentence on October 29, 2008. On April 5, 2010, appellant was transferred to the Oriana House in Cleveland, Ohio under transitional control.

{¶5} As the result of appellant's original sentencing entry stating that post release control was 5 years, he was returned to the trial court for a clarification of post release control on June 21, 2010. At that hearing, the trial court purported to "re-sentence" appellant to the same sentences that he had previously received, and to

correct appellant's post-release control to include a mandatory period of three (3) years.

**{¶6}** Appellant has timely appealed raising two assignments of error for our consideration:

**{¶7}** "I. THE COURT ERRED TO DEFENDANT/APPELLANT'S PREJUDICE BY FAILING TO CONSIDER THE FACTORS OF ORC 2929.11 AND 2929.12 IN RE-SENTENCING THE DEFENDANT.

**{¶8}** "II. THE COURT ERRED TO DEFENDANT/APPELLANT'S PREJUDICE BY FAILING TO HAVE AUTHORITY TO ISSUE A CORRECTIVE RE-SENTENCE ONCE AN OFFENDER HAS COMPLETED HIS SENTENCE."

I.

**{¶9}** In his First Assignment of Error, appellant contends that the trial court erred in failing to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11, the felony sentencing factors set forth in R.C. 2929.12, and any relevant information such as pre-sentence reports or victim impact statements during the June 21, 2010 re-sentencing hearing.

**{¶10}** R.C. 2929.191 sets forth the mechanism for correcting a sentence that fails to properly impose post-release control. Said provision applies prospectively to sentences entered on or after July 11, 2006. *State v. Pearson*, Montgomery App. No. 23974, 2011-Ohio-245, f.n. 3, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶¶ 35-36. See, also, *State v. Nesser*, Licking App. No. 10CA61, 2011-Ohio-94, f.n.1; *State v. Samples,* Stark App.No. 2010CA00122, 2011-Ohio-179, ¶ 27.

**{¶11}** R.C. 2929.191 provides that trial courts may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates post release control." *State v. Singleton*, 124 Ohio St.3d 173, 179, 920 N.E.2d 958, 963, 2009-Ohio-6434 at ¶ 23.

**{¶12}** The Supreme Court further noted, "R.C. 2929.191(C) prescribes the type of hearing that must occur to make such a correction to a judgment entry "[o]n and after the effective date of this section." The hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B) pertain only to the flawed imposition of post release control. R.C. 2929.191 does not address the remainder of an offender's sentence. Thus, the General Assembly appears to have intended to leave undisturbed the sanctions imposed upon the offender that are unaffected by the court's failure to properly impose post-release control at the original sentencing." *State v. Singleton*, supra 124 Ohio St.3d at 179-180, 920 N.E.2d at 964, 2009-Ohio-6434 at ¶ 24.

**{¶13}** Appellant was given a R.C. 2929.191 hearing by the trial court on June 21, 2010. Therefore, appellant's First Assignment of Error is overruled.

II.

**{¶14}** In his Second Assignment of Error, appellant maintains that the trial court incorrectly resentenced him to correct his void sentence. He has argued that the trial

court did not have the power to re-sentence him because he had been released from prison and was in transitional control at the Oriana House at the time the re-sentencing occurred.  We disagree.

{¶15} In *State v. Singleton*, 124 Ohio St.3d 173, 920 N.E.2d 958, 2009-Ohio-6434, the Ohio Supreme Court  recognized that a trial court lacks authority to re-sentence an offender if the sentencing error was discovered "after the offender ha[s] been released from prison." Id. at ¶ 15, 920 N.E.2d 958; see also *State v. Bloomer*, 122 Ohio St.3d 200, 909 N.E.2d 1254, 2009-Ohio-2462, at ¶ 70 (noting that a defendant cannot be subjected to another sentencing hearing after he "has completed the prison term imposed in his original sentence"); *State v. Bezak*, 114 Ohio St.3d 94, 868 N.E.2d 961, 2007-Ohio-3250, at ¶ 18 (concluding that defendant could not be re-sentenced because he had "already served the prison term ordered by the trial court.").*State v. Bodiford*, Lorain App. No. 10CA009770, 2010-Ohio-5923 at ¶3.

{¶16} Although the word "imprisonment" is not defined in R.C. 2929.19 et seq., R.C. 1.05(C) defines "imprisoned,"  "'imprisoned' or 'imprisonment' means being imprisoned under a sentence imposed for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in an institution under the control of the department of rehabilitation and correction, a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, a minimum security jail, a community-based correctional facility, a halfway house, an alternative residential facility, or another facility described or referred to in section 2929.34 of the Revised Code for the type of criminal offense and under the circumstances specified or referred to in that section."

{¶17} Under Section 2967.26(A), a prisoner placed in a transitional control program is "confined" to a halfway house or "confined" to an approved residence and is monitored electronically. In the case at bar that place is the Oriana House in Cleveland, Ohio.

{¶18} We conclude that because appellant had been placed in a transitional control program in "a halfway house, [or] an alternative residential facility," he had not been released from prison or completed his prison term at the time of the re-sentencing hearing on June 21, 2010. *State v. Bodiford,* supra*; State v. Harris*, Cuyahoga App. No. 95097, 2011-Ohio-1072.   The trial court, therefore, correctly concluded that it had authority to re-sentence him to properly impose post-release control.

{¶19}  Appellant's Second Assignment of Error is overruled.

{¶20}  The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS


WSG:clw 0411

[Cite as *State v. Williams*, 2011-Ohio-1979.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STEVEN WILLIAMS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-0090 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Richland County Court of Common Pleas is affirmed.  Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS