[Cite as *State v. Hanna*, 2011-Ohio-4650.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 11-CA-2 |
| BRIAN P. HANNA | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Knox County Common Pleas Court, Case No. 00CR110077

JUDGMENT:      Vacated

DATE OF JUDGMENT ENTRY:      September 13, 2011

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

JOHN C. THATCHER          BRUCE J. MALEK
Knox County Prosecutor          Knox County Public Defender

CHARLES T. MCCONVILLE          MARK A. ZANGHI
Assistant Prosecuting Attorney          Assistant Knox County Public Defender
Knox County Prosecutor's Office          One Public Square
117 East High Street, Suite 234          Mount Vernon, Ohio 43050
Mount Vernon, Ohio 43050

*Hoffman, J.*

{¶1}  Defendant-appellant Brian P. Hanna appeals the February 6, 2007 Amended Sentencing Entry of the Knox County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE CASE

{¶2}  On June 26, 2001, Appellant was convicted of one count of rape, in violation of R.C. 2907.02(A)(1)(b).  On July 20, 2001, the trial court sentenced Appellant to a definite term of imprisonment of ten years.  At the sentencing hearing, the trial court advised Appellant "a term of post-release control may be imposed for up to five years."  However, the judgment entry of sentencing did not include any term of post-release control.

{¶3}  On February 6, 2007, via Amended Sentencing Entry, the trial court amended Appellant's sentence to include a five year term of post-release control.

{¶4}  Appellant now appeals with leave of this Court, assigning as error:

{¶5}  "I. THE TRIAL COURT ERRED WHEN IT JOURNALIZED AN AMENDED SENTENCING ENTRY IMPOSING A POST-RELEASE CONTROL SANCTION WITHOUT THE BENEFIT OF A DE NOVO SENTENCING HEARING AND THEREFORE THE SENTENCE IS VOID."

{¶6}  R.C. 2929.191, enacted as part of H.B. 137, provides a statutory remedy to correct the failure of the trial court to properly impose post release control. *Singleton,* ¶ 23. The statute became effective on July 11, 2006.

{¶7}  In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, the Ohio Supreme Court cited to *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d

961, as one of the progeny of cases confirming the requirement of conducting a de novo sentencing hearing to correct a sentence which fails to properly impose post release control. *Id.* at ¶ 17. The Supreme Court recently examined *State v. Bezak* and limited its application in *State v. Fischer,* 128 Ohio.St.3d 93, 2010-Ohio-6238.

{¶8} In *Fischer,* the defendant was sentenced in 2002 and the sentencing entry failed to properly advise the defendant of his post release control obligations. The defendant appealed his conviction and sentence, which were affirmed by the court of appeals. The defendant moved for a resentencing hearing several years later based on the authority of *Bezak.* At the resentencing hearing, the trial court properly notified the defendant of his post release control obligations and reimposed the remainder of the sentence. The defendant appealed, asserting his original sentence was "void," so his first appeal was not valid and the appeal of his resentencing was his "first appeal"; therefore, he could raise all issues relating to his conviction. The issue before the Court then was whether the defendant's direct appeal of a resentencing ordered pursuant to *State v. Bezak* was a first appeal as of right. The Court found that it was not. *Id.* at ¶ 2-5.

{¶9} The *Fischer* Court stated the majority in *Bezak* found when a court of appeals remanded the case for resentencing due to the failure to inform the defendant of post release control, the trial court was required to conduct a *new sentencing hearing in its entirety,* rather than a hearing limited to reimposing the original sentence with proper notice of post release control. (Emphasis added). *Fischer* at ¶ 12. *Fischer* overrules the *Bezak* requirement of a de novo sentencing hearing in paragraph two of

the syllabus: "The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of post release control."  Id.

**{¶10}** Accordingly, pursuant to *Fischer* Appellant was entitled to a new sentencing hearing for the limited purpose of properly imposing post-release control prior to the trial court amending his sentence.  No such hearing took place.  However, as the State concedes herein, Appellant completed his prison term on July 20, 2011; therefore, the trial court is without jurisdiction to now impose a corrective entry.

**{¶11}** The February 6, 2007 Amended Sentencing Entry of the Knox County Court of Common Pleas is vacated.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRIAN P. HANNA | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-CA-2 |

For the reason stated in our accompanying Opinion, the February 6, 2007 Amended Sentencing Entry of the Knox County Court of Common Pleas is vacated. Costs to Appellee State of Ohio.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY