Lanzinger, J.,
concurring.
{¶ 22} After acknowledging that the trial court has no authority to delegate signature on entries (i.e., the court has a duty to sign entries pursuant to Civ.R. 58), the majority cites two cases decided over 150 years ago to explain why the judgment entry in question was voidable rather than void. “ ‘The distinction is between the lack of power or want of jurisdiction in the Court, and a wrongful or defective execution of power. In the first instance all acts of the Court not having jurisdiction or power are void, in the latter voidable only.’ ” Cochran’s Heirs’ Lessee v. Loring, 17 Ohio 409, 423 (1848), quoting Paine’s Lessee v. Mooreland, 15 Ohio 435, 445 (1846). It is only in the last few years that this court has disregarded the distinction in criminal cases. See State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568; State v. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958; State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332; State v. Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, 927 N.E.2d 509.
{¶ 23} In holding that when a court possesses jurisdiction over the parties and subject matter, mechanical irregularities regarding the trial court’s signature render the judgment voidable, not void, the majority reaffirms the traditional distinction between the terms “void” and “voidable.” I heartily concur and only hope that this analysis will also extend to our criminal cases in the future.