[Cite as *State v. Rayner*, 2012-Ohio-3228.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| ROBERT R. RAYNER | : | Case No. 2012CA00013 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Court of Common
Pleas, Case No. 2006CR1217


JUDGMENT:       Affirmed


DATE OF JUDGMENT:       July 16, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                    GEORGE URBAN
Prosecuting Attorney                    116 Cleveland Avenue, NW
By: KATHLEEN O. TATARSKY          Suite 808
Assistant Prosecuting Attorney          Canton, OH  44702
110 Central Plaza South
Suite 510
Canton, OH  44702

*Farmer, J.*

{¶1} On August 2, 2006, the Stark County Grand Jury indicted appellant, Robert Rayner, on two counts of gross sexual imposition in violation of R.C. 2907.05 and one count of receiving stolen property in violation of R.C. 2913.51. Appellant pled guilty to all counts on August 9, 2006. By change of plea and sentence filed August 15, 2006, the trial court sentenced appellant to an aggregate term of four years in prison.

{¶2} On December 5, 2011, the trial court held a postrelease control hearing pursuant to R.C. 2929.191. By judgment entry filed December 14, 2011, the trial court sentenced appellant to mandatory five years of postrelease control.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ERRED IN IMPOSING MANDATORY POST-RELEASE CONTROL AT THE END OF APPELLANT'S PRISON TERM AFTER A RESENTENCING HEARING."

I

{¶5} Appellant claims the trial court erred in imposing mandatory postrelease control upon resentencing. We disagree.

{¶6} Appellant argues if he knew when he entered his pleas in 2006 that he would be subject to mandatory five years of postrelease control, "it may have had an impact on his decision to enter a plea in August of 2006." Appellant's Brief at 6.

{¶7} On August 9, 2006, appellant signed a plea agreement wherein he acknowledged being advised by his attorney that he would be subject to mandatory five

years postrelease control. The change of plea and sentence filed August 15, 2006 informed appellant that he was subject to mandatory five years postrelease control. In August of 2006, appellant was fully aware of his mandatory five years postrelease control.

{¶8} On December 5, 2011, the trial court held a hearing to reimpose postrelease control due to a typographical error and *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434. T. at 3.

{¶9} Pursuant to *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph four of the syllabus, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶10} Upon review, we find the trial court sub judice properly notified appellant of the mandatory five years postrelease control requirement under R.C. 2967.28(B). T. at 5-6; Judgment Entry filed December 14, 2011.

{¶11} The sole assignment of error is denied.

{¶12} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.


s/ Sheila G. Farmer_____


_s/ Patricia A. Delaney_____


s/ William B. Hoffman_____

JUDGES

SGF/sg 612

[Cite as *State v. Rayner*, 2012-Ohio-3228.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT R. RAYNER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012CA00013 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer

s/ Patricia A. Delaney

s/ William B. Hoffman

JUDGES