[Cite as *State v. Stewart*, 2017-Ohio-2842.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER T. STEWART | : | Case No. 17 CAA 01 0004 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County
Court of Common Pleas, Case No.
15CR-I-03-0130


JUDGMENT:     Reversed


DATE OF JUDGMENT:     May 16, 2017


APPEARANCES:

For Plaintiff-Appellee                                    For Defendant-Appellant

CAROL HAMILTON O'BRIEN                    CHRISTOPHER T. STEWART, pro se
Delaware County Prosecutor                     #A721496
                                                                    15708 McConnelsville Road
By: MARK C. SLEEPER                              Caldwell, Ohio 43724
Assistant Prosecuting Attorney
140 North Sandusky Street
Delaware, Ohio 43015

*Baldwin, J.*

**{¶1}**   Defendant-appellant Christopher Stewart appeals from the January 9, 2017 Judgment Entry of the Delaware County Court of Common Pleas denying his Motion to Vacate Judicial Sanction Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   On March 27, 2015, the Delaware County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11(A), a felony of the second degree, one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree, and one count of assault in violation of R.C. 2903.11(A)(1), a misdemeanor of the first degree. At his arraignment on March 31, 2015, appellant entered a plea of not guilty to the charges.

**{¶3}**   Subsequently, on November 12, 2015, appellant withdrew his not guilty plea and entered a plea of no contest to a lesser included offense of attempted felonious assault in violation of R.C. 2923.02(A), a felony of the third degree, and the trial court found appellant guilty. The remaining counts were dismissed.   As memorialized in a Judgment Entry filed on December 17, 2015, appellant was sentenced to thirty (30) months in prison. The trial court, in its Judgment Entry, also ordered that appellant serve "500 days of remaining Post-release Control pursuant to R.C. 2929.141, which shall be served *consecutively* to the sentence imposed in this Case."   Appellant did not file a direct appeal.

**{¶4}**   Appellant, on December 22, 2016, filed a Motion to Vacate Judicial Sanction Sentence. Appellant, in his motion, argued that post-release control was improperly

imposed in Franklin County Common Pleas Court Case No. 07CR-12-8718, "rendering his placement on post-release control in that case a nullity and his subsequent judicial sanction" in the case sub judice void.   Appellant attached a certified copy of a January 31, 2012 Judgment Entry from the Franklin County case to his motion. Appellee filed a reply to appellant's motion on January 5, 2017. In addition to the above Franklin County Judgment Entry, appellee attached a Notice filed in the Franklin County case on January 31, 2012 to its reply. The Notice, which was signed by appellant and his counsel but not the trial court, advised appellant that, after his release from prison, he would be placed on post-release control for a period of three years. The Notice also listed what could occur if appellant violated post-release control sanctions. By signing the Notice, appellant certified that the "Court read to me, and gave me in writing, the notice set forth herein."

{¶5}   The trial court, pursuant to a Judgment Entry filed on January 9, 2017, denied appellant's motion.

{¶6}   Appellant now appeals from the trial court's January 9, 2017 Judgment Entry, raising the following assignment of error on appeal:

{¶7}   THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE JUDICIAL SANCTION.

I

{¶8}   Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Vacate Judicial Sanction Sentence.

{¶9}   Appellant, in his brief, argues that in his Franklin County case, post-release control was not mandatory and that the trial court's entry in such case did not accurately reflect the consequence for violating terms of conditions of post-release control under

R.C. 2967.28(B)(2) and 2929.19. Appellant also contends that the Sentencing Entry in such case did not state that appellant would be subject to reimprisonment of up to half of his original prison terms for violating terms or conditions of his post-release control. Appellant argues that, for the above reasons, the trial court in this matter should have vacated that portion of appellant's sentence which added 500 days to his post-release control time from Franklin County.

{¶10} R.C. 2929.19(B) provides, at the sentencing hearing, the trial court must notify the offender if a period of supervision is imposed following his or her release from prison, and if the offender violates that supervision, then the parole board may impose a prison term of up to one-half of the prison term originally imposed on the offender. The trial court must notify the offender of the mandatory nature of the term of post-release control and the length of that mandatory term. *State v. Bloomer,* 122 Ohio St.3d 200, 2009–Ohio–2462, 909 N.E.2d 1254, ¶ 69. The trial court must also include this notice in the sentencing entry. *State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio-6434, 920 N.E.2d 958, ¶ 11, 22.

{¶11} In *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, the Ohio Supreme Court held, in pertinent part, "A sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.,* at paragraph one of the syllabus. In light of this voidness doctrine, where a prior sentence does not include a statutorily mandated term of post-release control in the sentencing entry, the trial court cannot order the remaining PRC time

imposed upon a new violation and sentence. See *State v. Murphy,* 5th Dist. Muskingum No. CT2013–0028, 2014–Ohio–323, ¶ 7.

{¶12} The Franklin County Court, in its January 31, 2012 Judgment Entry in Case No. 07CR-12-8718, stated, in relevant part, as follows: "The Court also notified Defendant of the applicable period of 3 years mandatory post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)." The Judgment Entry is silent as to the consequences of violating post-release control. The trial court failed to inform appellant that if he violated his supervision or a condition of post-release control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed. *State v. Ketterer,* 126 Ohio St.3d 448, 2010–Ohio–3831, 935 N.E.2d 9 ,¶ 77–79; *State v. Richard–Bey,* 5th Dist. Muskingum Nos. CT2014–0012, CT2014–0013, 2014–Ohio–2923. While the Notice did specify the consequences for violating post-release control, it was not a Judgment Entry signed by the trial court.

{¶13} We find, therefore, that the trial court erred in denying appellant's Motion to Vacate Judicial Sanction Sentence based upon the aforementioned case law.

{¶14} Appellant's sole assignment of error is sustained.

{¶15} Accordingly, the judgment of the Delaware County Court of Common Pleas is reversed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.