[Cite as *State v. Davis*, 2011-Ohio-2308.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2010-CA-0100 |
| MARK E. DAVIS | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal appeal from the Richland County
                                  Court of Common Pleas, Case No. 04-CR-
                                  935H

JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           April 25, 2011


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JAMES J. MAYER, JR.                       KRISTIN E. BROWN
Prosecuting Attorney                      3621/2 Lexington Avenue
By: Gary D. Bishop                        Mansfield, OH  44907
38 S. Park Street, 2nd Fl.
Mansfield, OH  44907

*Gwin, P.J.*

{¶1} Defendant-appellant, Mark E. Davis challenges the trial court's imposition of mandatory post-release control during a re-sentencing hearing held prior to his release from prison. The relevant facts leading to this appeal are as follows.

{¶2} On December 8, 2004, appellant was indicted on two (2) counts of Burglary and one (1) count of Aggravated Burglary. On or about June 10, 2005, appellant entered a plea to amended charges of two (2) counts of Burglary, each a felony of the third degree. A sentencing hearing was held on September 8, 2005. Appellant was sentenced to three (3) years on each count of Burglary, to run consecutively, for a total sentence of six (6) years incarceration. The Sentencing Entry filed September 8, 2005 notes that appellant was subject to up to five (5) years of post-release control[1]. However, R.C. 2967.28 provided that for a felony of the third degree which the offender caused or threatened physical harm to a person there is a mandatory period of post-release control for three years.

{¶3} On July 6, 2006 the General Assembly enacted R.C. 2929.191. R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of post-release control. Appellant was brought back for a re-sentencing hearing on July 9, 2010 in an effort by the trial court to comply with R.C. 2929.191, and correct the judgment entry of conviction concerning post-release control.

{¶4} At the re-sentencing hearing on July 9, 2010, appellant was re-sentenced to 3 years on each of the two counts of Burglary, for a total of 6 years to run consecutively, and 3 years of mandatory post-release control. Appellant and his counsel

---

[1] The transcript of the original plea and sentencing hearings were not made a part of the record on this appeal.

raised objections to the re-sentencing for mandatory post-release control, and raised the issue that the parole board had given appellant notification in September of 2008 that he would not be placed on post-release control. (T. at 4). The court indicated that the parole board would have no authority to consider appellant for post-release control unless a corrective judgment entry was filed before the ending term of appellant's sentence on January 27, 2011. (T. at 5).

{¶5} Appellant was released on August 11, 2010 and is currently on post-release control.

{¶6} Appellant has timely appealed raising one assignment of error:

{¶7} "I. THE RE-SENTENCING BY THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS."

I.

{¶8} In his sole assignment of error, appellant claims that his re-sentencing in order to "correct" the omission of his earlier sentence in its failure to include a period of mandatory post-release control is prohibited. We disagree.

{¶9} R.C. 2929.191 sets forth the mechanism for correcting a sentence that fails to properly impose post-release control. However, said provision applies prospectively to sentences entered on or after July 11, 2006. *State v. Pearson*, Montgomery App. No. 23974, 2011-Ohio-245, f.n. 3, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶¶ 35-36. See, also, *State v. Nesser*, Licking App. No. 10CA61, 2011-Ohio-94, f.n.1; *State v. Samples,* Stark App. No. 2010CA00122, 2011-Ohio-179, ¶ 27. In the case at bar appellant was sentenced on September 8, 2005.

{¶10} In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph one of the syllabus, the Ohio Supreme Court held that "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall conduct a *de novo* sentencing hearing in accordance with decisions of the Supreme Court of Ohio."  In reviewing decisions where post-release control was lacking, the *Singleton* court noted:

{¶11} "In *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, this court considered the consequences of a trial court's failure to advise an offender about post release control at the sentencing hearing. Id. at ¶ 1, 817 N.E.2d 864. Applying [*State v. Beasley* (1984), 14 Ohio St.3d 74, 471 N.E.2d 774], we held that '[b]ecause a trial court has a statutory duty to provide notice of post-release control at the sentencing hearing, any sentence imposed without such notification is contrary to law' and void, *and the cause must be remanded for resentencing.* Id. at ¶ 23, 27, 471 N.E.2d 774. (Emphasis added).

{¶12} "We again confronted a sentencing court's failure to notify or incorporate post-release control into its sentencing entry in *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301; however, in that case, discovery of the sentencing error did not occur until after the offender had been released from prison, placed on post release control by the parole board, and re-imprisoned for violating the terms of post release control. Id. at ¶ 4-7, 844 N.E.2d 301. There, we granted a writ of habeas corpus in conformity with our decisions in *Jordan* and [*Woods v. Telb,* 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103], holding that the parole board lacked authority to impose post-release control because the trial court had failed to notify the offender of

post-release control or to incorporate it into the sentencing entry and because *Hernandez* had completed serving that sentence when the error was discovered. *Id.* at ¶ 32, 844 N.E.2d 301.

{¶13} "* * *

{¶14} "In *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, we concluded that an offender is entitled to a *de novo* sentencing hearing for the trial court to correct a sentence that omitted notice of post-release control. * * * Importantly, because Bezak had already completed his term of imprisonment, the trial court could not, consistent with our decision in *Hernandez* * * * conduct a resentencing.

{¶15} " * * *

{¶16} "Most recently, in *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, we * * * held that when a court fails to impose post-release control before an offender completes the stated term of imprisonment, under either our case law or R.C. 2929.191, the offender must be discharged, ¶ 69-71." *Id.* at ¶ 14-18, 20, 909 N.E.2d 1254. See also, *State v. Atkinson*, Cuyahoga App. No. 93855, 2010-Ohio-2783.

{¶17} In the instant case, a review of the record reveals that appellant was advised of post-release control at his original sentencing. However, appellant, at the time of his original sentencing, was informed that he may be subject to up to five years of post-release control. The trial court conducted a *de novo* re-sentencing hearing on July 9, 2010 to correct this mistake.

{¶18} In *State v. Simpkins*, 117 Ohio St.3d 420, 884 N.E.2d 568, 2008-Ohio-1197 the appellant argued that he could not be re-sentenced because he had completed a substantial majority of his sentence at the time of resentencing and had a

cognizable interest in the finality of his sentence. Id. at 427, 884 N.E.2d at 576, 2008-Ohio-1197 at ¶31.  In rejecting this argument the Court noted,

**{¶19}** "Given that the sentence was issued without the authority of law and that Simpkins was represented by counsel, we find that there was no unfair surprise or prejudice to Simpkins in his resentencing. Because he did not have a legitimate expectation of finality in his sentence, Simpkins could be resentenced without offending the Double Jeopardy or Due Process Clauses. See *United States v. Fogel* (C.A.D.C.1987), 829 F.2d 77, 87." *Simpkins* at ¶37.

**{¶20}** In the case at bar, the re-sentencing hearing occurred before appellant was released from prison.  Additionally, at the original sentencing hearing in 2005 appellant was made aware that he was subject to up to five years of post-release control.  Thus, this was not a case where appellant was totally unaware that he may be subject to a period of post-release control upon his release from prison. Furthermore, re-sentencing a defendant to add a mandatory period of post-release control that was not originally included in the sentence does not violate due process. *State v. Simpkins,* supra, at paragraph 20 of syllabus.

**{¶21}** After independently reviewing the record, we find that because appellant was notified prior to his release from prison pursuant to R.C. 2929.191(A)(1) that he would be subject to a mandatory term of post-release control, his due process rights were not violated as he had no sufficient "expectation of finality" in his sentence.

**{¶22}** Appellant's Assignment of Error is overruled.

**{¶23}** For these reasons, after independently reviewing the record, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Gwin, P.J.,

Wise, J., and

Farmer, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS

WSG:clw 0413

[Cite as *State v. Davis*, 2011-Ohio-2308.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARK E. DAVIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-0100 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS