[Cite as *State v. Plastow*, 2011-Ohio-3557.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2011 CA 00083 |
| RICHARD ALBERT PLASTOW | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 2010 CR 01897

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     July 18, 2011

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
KATHLEEN O. TATARSKY
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

JAMES P. TYACK
536 South High Street
Columbus, Ohio 43215

*Wise, J.*

{¶1}    Appellant Richard Albert Plastow appeals the February 23, 2011, decision of the Stark County Common Pleas Court denying his motion to suppress.

{¶2}    Appellee is the State of Ohio.

{¶3}    This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶4}    "(E) Determination and judgment on appeal.    The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.  The decision may be by judgment entry in which case it will not be published in any form."

{¶5}    This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶6}    In 2004, Appellant was indicted and pled guilty to gross sexual imposition involving a four year old child.  He was sentenced to three (3) years in prison.  (Stark County Common Pleas Court Case No. 2004 CR 0064).  While the sentencing entry in Appellant's case did include notification of post release control, the trial court failed to notify Appellant of same at the sentencing hearing.  The State concedes that Appellant was not properly notified as to his post release control requirements.  Further, the trial court, by Entry dated May 10, 2010, terminated Appellant's post release control requirements, holding that such portion of his sentence is void.

**{¶7}** However, back in 2007, prior to such termination, in advance of Appellant's release from prison, post release control officer Rick Polinori was assigned so supervise Appellant during his post release control ( PRC), which was to continue for five (5) years. (T. at 25, 50). In January, 2007, Polinori conducted a placement interview with Appellant's parents in anticipation of Appellant taking up residence with them at their home in Louisville, Ohio. During such interview, Polinori advised Appellant's parents that there was a warrantless search policy which would allow either him or law enforcement to conduct a search of the residence in relation to Appellant.[1] (T. at 27-28, 59). Polinori stated that the parents agreed to this condition of Appellant's supervision. Id.

**{¶8}** As further conditions of his PRC, Appellant was required to agree to not possess or use any computer, computer modem, or flash drive without the knowledge and permission of the Adult Parole Authority (APA). Appellant was only permitted to use one computer which had a monitoring program installed on it called "Covenant Eyes" which would send reports to the APA as to what content and websites Appellant was viewing.

**{¶9}** In May, 2010, Appellant requested permission to leave the county to visit his girlfriend in Cincinnati. Consequently, Polinori telephoned the girlfriend's parents to obtain permission for Appellant to stay with them at their house. During such conversation, the girlfriend's mother expressed some concerns she had about Appellant, including time he spent viewing of pornography on his computer. (T. at 34-35).

---

[1] Pursuant to R.C. §2967.131 the APA may conduct warrantless searches of offenders on PRC.

{¶10} On June 10, 2010, Polinori had a meeting with Appellant to address these allegations. At that time, Appellant admitted that he had been looking at adult pornography and images of young girls modeling on a computer which he built himself. Based on these admissions, Appellant was arrested.

{¶11} That same afternoon, Polinori and another APA officer went to Appellant's parents' house to further investigate. Appellant's mother permitted them to enter and directed them to the basement where Appellant was staying. As a result of their search, they seized a laptop computer and a tower personal computer in addition to a number of thumb drives. These items were delivered to the Stark County Crime Lab for further investigation. (T. at 36).

{¶12} On June 15, 2010, Appellant was released from the Stark County Jail with a written sanction for violating his PRC rules and was placed under GPS tracking and house arrest. (T. at 38).

{¶13} The crime lab subsequently finished investigating Appellant's computers and discovered pornography on both computers which included adults, children modeling and nude images of children. (T. at 44).

{¶14} As a result, Appellant was arrested.

{¶15} On December 27, 2010, the Stark County Grand Jury indicted Appellant on four (4) counts of pandering obscenity involving a minor, in violation of R.C. §2907.321(A)(5), a fourth degree felony.

{¶16} On February 15, 2011, Appellant filed a motion to suppress the evidence seized from his computers. Appellant argued that his PRC was improper, that the search was conducted without a warrant and therefore was unconstitutional.

{¶17} On February 22, 2011, the trial court held a hearing on Appellant's motion. At said hearing, the State presented the testimony of Officer Polinori, as set forth above.

{¶18} The trial court overruled Appellant's motion to suppress finding that Polinori had both consent to search the residence and further had a good faith basis for believing that Appellant was properly under post release control and the associated supervising requirements and conditions which allowed a warrantless search.

{¶19} On March 14, 2011, Appellant entered a no contest plea to the charges as set forth in the indictment. Upon finding Appellant guilty, the trial court merged two of the four counts and sentenced Appellant to an aggregate term of imprisonment of thirty-six (36) months. Appellant was also designated a Tier II sex offender and was notified of his duties to register upon release from prison.

{¶20} Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶21} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS ALL EVIDENCE ARISING OUT OF OR RESULTING FROM THE RELATIONSHIP WITH P.R.C. OFFICER POLINORI AND THE SEARCH OF APPELLANT'S RESIDENCE."

### I.

{¶22} In his first assignment of error, Appellant claims that the trial court erred in overruling his motion to suppress. We disagree.

{¶23} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or

correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶24} When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap* (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988; *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See, *Dunlap,* supra; *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1; *State v. Medcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See, *State v. Fields* (Nov. 29, 1999), Hocking App. No. 99 CA 11. See, generally, *United States v. Arvizu* (2002), 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740; *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911.

{¶25} Appellant herein argues that because his PRC from his 2004 conviction was void, the warrantless search of his residence was unconstitutional.

{¶26}  In a recent 2010 case, *Hunt v. United States*, U.S.D.C., S.D. Ohio, No. 2:09-CV-419, the United States Supreme Court was presented with a case where a defendant argued that he was improperly placed on post release control under the Ohio Supreme Court's decision in *State v. Singleton* (2009), 124 Ohio St.3d 173, 920 N.E.2d 958, and the Ohio Adult Parole Authority and parole officer therefore illegally searched his residence, leading to the federal firearm charge upon which he was convicted.

{¶27}  The *Hunt* court rejected this argument, finding that the principles set forth in  *United States v. Leon,* 468 U.S. 897 (1984) were applicable, therein stating:

{¶28}  "In *Leon,* the Supreme Court held that the fruits of a search which violates the Fourth Amendment need not be suppressed unless the searching officers either "were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* at 926. Although *Leon* involved a search conducted pursuant to a warrant, the Supreme Court has held that its principles are equally applicable to searches conducted pursuant to a statute which authorizes warrantless searches and which is later held to be unconstitutional. In *Illinois v. Krull,* 480 U.S. 340, 349, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987), the Court concluded that if an officer's reliance on such a statute is "objectively reasonable," the fruits of the search will not be suppressed."

{¶29} In the case before this Court, we find that Officer Polinori's beliefs that his actions were authorized pursuant to R.C. §2967.131 were objectively reasonable under *Leon*, supra.  He testified that he even sent Appellant's 2004 sentencing entry to the

APA in Columbus to review after the Ohio Supreme Court ruled in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, that when a trial court fails to notify a defendant of his post release control both at the sentencing hearing and in the judgment entry of sentence that portion of the sentence is void. He stated that the APA advised him that the sentencing entry was valid and that he made a notation as to such validity of Appellant's PRC notification on his computer. (T. at 32, 46). He further stated that he never received anything from the APA or the trial court advising him that Appellant's PRC was void, or anything other than valid. (T. at 52).

{¶30} Accordingly, we find that the trial court did not err in overruling Appellant's motion to suppress.

{¶31} Appellant's sole assignment of error is overruled.

{¶32} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County , Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.



_____

_____

_____

JUDGES

JWW/d 0711

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                    :
                                               :
-vs-                                           :           JUDGMENT ENTRY
                                               :
RICHARD ALBERT PLASTOW                         :
                                               :
    Defendant-Appellant                   :           Case No. 2011 CA 00083


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


_____


_____


_____

JUDGES