[Cite as *State v. Seals*, 2012-Ohio-509.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :     C.A. CASE NO. 2010CA117

vs.                              :     T.C. CASE NO. 08CR0828A

JONATHAN SEALS                   :

    Defendant-Appellant         :

    . . . . . . . . .

O P I N I O N

Rendered on the 10th day of February, 2012.

    . . . . . . . . .

Andrew Wilson, Pros. Attorney; Andrew R. Picek, Asst. Pros. Attorney, Atty. Reg. No. 0082121, 50 East Columbia Street, 4th Floor, Springfield, OH 45502
    Attorneys for Plaintiff-Appellee

Brock A. Schoenlein, Atty. Reg. No. 0084707, 15 West Fourth Street, Suite 100, Dayton, OH 45402
    Attorney for Defendant-Appellant

    . . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Jonathan Seals, was found guilty following a jury trial of aggravated murder, murder, felony murder, tampering with evidence, and felonious assault. The trial court sentenced Defendant to thirty-three years to life in prison, and indicated that with respect to the tampering with evidence offense, Defendant

would be subject to five years of mandatory postrelease control.

{¶ 2} On direct appeal we affirmed Defendant's convictions but vacated his sentence due to an error in the imposition of postrelease control. We remanded the matter for resentencing for the trial court to properly inform Defendant that with respect to his conviction for tampering with evidence, a third degree felony, he is subject to an optional three year term of postrelease control under R.C. 2967.28(C), not a mandatory five year term as originally stated by the court. *State v. Seals*, 2nd Dist Clark No. 2009CA4, 2010-Ohio-2843.

{¶ 3} On November 22, 2010, on remand from this court, the trial court conducted a resentencing hearing that was limited to the proper imposition of postrelease control on the tampering with evidence charge. Defendant did not object to the limited scope of the resentencing hearing.

{¶ 4} Defendant timely appealed to this court from his resentencing hearing. Defendant's appellate counsel has filed an Anders brief, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967), stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson*

*v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 5} Defendant's appellate counsel has identified one possible issue for appeal, which states:

{¶ 6} "THE TRIAL COURT MAY HAVE ERRED IN FAILING TO RESENTENCE MR. SEALS DE NOVO."

{¶ 7} Defendant argues that he was entitled to a de novo resentencing hearing to correct the trial court's error in failing to properly impose postrelease control. That claim lacks arguable merit.

{¶ 8} R.C. 2929.191, effective July 11, 2006, proscribes a procedure for trial courts to follow to remedy a sentence that fails to properly impose postrelease control. The hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B) pertain only to the flawed imposition of postrelease control and do not address the remainder of an offender's sentence. That demonstrates the General Assembly's intent to leave undisturbed any other sanctions imposed that are unaffected by the court's failure to properly impose postrelease control at the sentencing hearing. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 24. In deciding whether R.C. 2929.191 would apply retroactively or prospectively only, the Supreme Court stated in its syllabus in *Singleton:*

> 1. For criminal sentences imposed prior to July

11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio.

2. For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191.

In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court held that in cases where the sentence omits a statutorily mandated term of postrelease control, or contains an erroneous provision in that regard, only that part of the sentence is void and must be corrected, and the remainder of the sentence remains valid. Therefore, a complete de novo resentencing is not required. Rather, the resentencing is limited to correcting the defect in the postrelease control. *Id.*, at ¶ 17. This court has held likewise. *State v. Jenkins*, 2nd Dist. Montgomery No. 24117, 2011-Ohio-634, ¶ 7-8.

{¶ 9} Defendant was originally sentenced on or about January 9, 2009, after the enactment of R.C. 2929.191. Defendant was resentenced on November 22, 2010, pursuant to R.C. 2929.191, to correct a defect in the imposition of postrelease control. The prevailing law in effect at that time was *State v. Singleton*, and

pursuant to that decision Defendant is clearly not entitled to a de novo resentencing hearing to correct an error in the trial court's imposition of postrelease control. *Id.*, at syllabus and ¶ 24. Accord: *State v. Fischer.* Rather, the resentencing hearing was properly limited to correcting the defect in postrelease control. R.C. 2929,191; *Singleton.* Accord: *Fischer.* This assignment of error lacks arguable merit.

{¶ 10} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.

FROELICH, J., And HALL, J., concur.

Copies mailed to:

Andrew R. Picek, Esq.
Brock A. Schoenlein, Esq.
Jonathan Seals
Hon. Richard J. O'Neill