[Cite as *State v. Renne* , 2012-Ohio-3623.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | |
| | Case No. 11-CA-127 |
| JEFFREY RENNE | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Case No. 11 CR 00378 |
| JUDGMENT: | Reversed in part, Vacated and Remanded in part |
| DATE OF JUDGMENT ENTRY: | August 6, 2012 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| EARL L. FROST<br>Assistant Prosecuting Attorney<br>Licking County Prosecutor's Office<br>20 S. Second St., 4th Floor<br>Newark, Ohio 43055 | WILLIAM T. CRAMER<br>470 Olde Worthington Road, Suite 200<br>Westerville, Ohio 43082 |

*Hoffman, P.J.*

{¶1}   Defendant-appellant Jeffrey Renne appeals his conviction entered by the Licking County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On July 14, 2011, Janet Smoke, the manager of the Granville Market, in Granville, Ohio contacted the Granville Police Department to report her suspicions Appellant had passed a bad check at the store.  She reported a check, dated July 14, 2011, and signed "Angelia H. Conklin," looked to be signed in the handwriting of Appellant, and had a driver's license number for an 89 year-old woman named Marjorie Steel.

{¶3}   On July 28, 2011, Appellant returned to the store, and Smoke again called the police department.  Officer Scott King responded to the call, and testified at trial he had previous contact with Appellant prior to the date in question.  Officer King observed Appellant in the store.  Upon Appellant seeing Officer King by the service desk, he got out of line and headed to the back of the store.  Appellant then returned to the service desk with his items, and requested the clerk provide him with cigarettes from behind the counter.  Officer King advised the clerk not to take any checks from Appellant without identification.

{¶4}   Appellant retrieved a check from his pocket, filled out the "pay to" section and handed it to the clerk.  The check had the driver's license number written on it, and the clerk handed the check to Smoke.  Smoke asked Appellant for identification. Appellant told Smoke he forgot his driver's license, and Smoke handed the check to Officer King.  Officer King asked Appellant about the check, and Appellant admitted to

filling out the check, but claimed the check belonged to a friend and he was authorized to use it. The name on the check was handwritten as Jeffrey Daniels, and the signature was that of Jeff Daniels. Officer King testified at trial "Jeff Daniels" was a name Appellant used before. Officer King testified the third digit on the account number on the check had been removed, and the signature was written over the removed digit. The driver's license number written on the check was later determined to belong to a 65 year-old woman named Alice Loos.

{¶5} Appellant was taken into custody, and a blank check was found to be in his pocket. The blank check also had the name Jeff Daniels written on it. Appellant again claimed the check belonged to a friend, and he was authorized to use the check. He claimed no knowledge to having a bad check.

{¶6} The July 28, 2011 check and the blank check each bore the name "Angel's Nail Salon." Appellant told Officer King the check belonged to a friend, and she gave him permission to use them. Officer King testified Appellant did not provide the friend's contact information.

{¶7} Rick Thoi, owner of "Creative Nails of Gahanna," testified at trial, the checks had the same address as his business, but he bought the Angel's business from a couple named Hu and Angela Tran six years prior and changed the name.

{¶8} Appellant told Officer King Conklin was the friend from whom he got the checks. Officer King used the information on the check to attempt to contact Conklin, but was unsuccessful. The phone number on the check actually belonged to a Dublin Police Officer, who testified he had received several phone calls for Conklin over time.

{¶9} On August 5, 2011, Appellant was indicted by the Licking County Grand Jury on two counts of forgery, in violation of R.C. 2913.31(A)(1) and (3), both fifth degree felonies, and one count of receiving stolen property, in violation of R.C. 2913.51; 2913.71(B), also fifth degree felony.

{¶10} Following a jury trial, Appellant was convicted of the charges, and the trial court sentenced Appellant to the maximum term of twelve months in prison on each count, to be served consecutively, for an aggregate term of three years.

{¶11} Appellant now appeals, assigning as error:

{¶12} "I. APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND OHIO CONSTITUTION, ARTICLE I, SECTION 16, BECAUSE THE PROSECUTION FAILED TO PRESENT SUFFICIENT EVIDENCE THAT THE CHECK THAT WAS FOUND ON HIS PERSON WAS STOLEN PROPERTY.

{¶13} "II. THE JURY'S CONCLUSION THAT THE CHECK FOUND ON APPELLANT WAS STOLEN PROPERTY WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.

{¶14} "III. APPELLANT WAS DEPRIVED OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO TESTIMONY THAT APPELLANT DID NOT PROVIDE THE POLICE WITH CONTACT INFORMATION FOR THE OWNER OF THE ALLEGEDLY STOLEN CHECKS.

{¶15} "IV. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS, AND R.C. 2967.28, BY

IMPOSING THREE YEARS OF POST-RELEASE CONTROL AT SENTENCING FOR

FIFTH DEGREE FELONIES."

I&II

{¶16} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶17} Appellant asserts he was deprived of his right to due process wherein the prosecution failed to present sufficient evidence the check found on his person was stolen property, and the jury's conclusion the check was stolen was against the manifest weight of the evidence.

{¶18} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717, (1983).

{¶19} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), ¶ two of the syllabus.

{¶20} Appellant was convicted of receiving stolen property in violation of R.C.2913.51, which reads:

{¶21} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

{¶22} "(B) It is not a defense to a charge of receiving stolen property in violation of this section that the property was obtained by means other than through the commission of a theft offense if the property was explicitly represented to the accused person as being obtained through the commission of a theft offense."

{¶23} R.C. 2913.71 provides,

{¶24} "Regardless of the value of the property involved and regardless of whether the offender previously has been convicted of a theft offense, a violation of section 2913.02 or 2913.51 of the Revised Code is a felony of the fifth degree if the property involved is any of the following:

{¶25} "***

{¶26} "(B) A printed form for a check or other negotiable instrument, that on its face identifies the drawer or maker for whose use it is designed or identifies the account on which it is to be drawn, and that has not been executed by the drawer or maker or on which the amount is blank;"

{¶27} Although the prosecution did not have to prove the check had, in fact, been obtained by theft, it did have to prove the nature of the property was stolen property. *State v. Ray*, Summit Co. No. 21233, 2003-Ohio-2159. The State does not

have to offer the testimony of the actual owner, but must present some evidence the property was stolen. *Id.*

**{¶28}** In *Ray,* the Ninth District held,

**{¶29}** "Similarly, in *In re Little* (Feb. 25, 1998), 9th Dist. No. 18667, this Court addressed a case in which the appellant had been convicted of receiving stolen property and found that the state was not required to offer testimony from the owner of a bicycle to prove that the bicycle had been stolen. In this opinion, we noted that ' '[t]he nature of the property received, retained or disposed of; i.e., that it was stolen property, must be proven by the state. The theft offense which gave rise to the property's nature as stolen property need not be proven.' '*Id.,* quoting *State v. Lyons* (Mar. 6, 1985), 9th Dist. No. 11779."

**{¶30}** Here, we find the evidence offered at trial was insufficient to establish the checks used by Appellant on July 28, 2011 were stolen property.  Officer King's testimony Appellant did not provide contact information for the name on the check does not transfer the burden of proof from the State to establish the nature of the property as stolen.  We find Appellant's conviction for receiving stolen property is both against the manifest weight and sufficiency of the evidence.

**{¶31}** Accordingly, Appellant's first and second assignments of error are sustained, and Appellant's conviction for receiving stolen property is reversed.

III.

**{¶32}** In the third assignment of error, Appellant maintains he was deprived of effective assistance of counsel because his trial counsel failed to object to the testimony Appellant did not provide the police contact information for the owner of the allegedly

stolen checks. Appellant argues the prosecutor then used such failure to support an inference the check was stolen.

**{¶33}** Based upon our analysis and disposition of Appellant's first and second assignments of error, we find Appellant's third assignment of error to be moot.

IV.

**{¶34}** In the fourth assignment of error, Appellant maintains the trial court erred in sentencing him to three years of post-release control pursuant to R.C. 2967.28.

**{¶35}** The trial court's November 30, 2011 Sentencing Entry states,

**{¶36}** "The Court sentences the defendant to a period of three (3) years of post-release control, unless reduced by the Adult Parole Authority, following any prison sentence imposed…"

**{¶37}** R.C. 2967.28 reads:

**{¶38}** "(C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(2)(d) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(2) of section 2929.14 of the Revised Code a statement regarding post-release

control. Pursuant to an agreement entered into under section 2967.29 of the Revised Code, a court of common pleas or parole board may impose sanctions or conditions on an offender who is placed on post-release control under this division."

**{¶39}** This Court has previously addressed the issue raised herein in *State v. Richards*, Licking App. No. 2011-CA-00074, 2012-Ohio-1115, holding:

**{¶40}** "Rather than void, appellant's sentence with respect to post-release control is voidable, i.e. it is a judgment 'rendered by a court that has both jurisdiction and authority to act, but in which the court's judgment is invalid, irregular, or erroneous.' *State v. Simpkins,* 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 12, *superseded by statute on other grounds as stated in State v. Singleton,* 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958; *State v. McKenna,* 11th Dist. No.2009–T–0034, 2009–Ohio–6154 at ¶ 84.

**{¶41}** "Accordingly, we vacate the judgment of the trial court insofar as it relates to the imposition of post-release control for the felony of the fifth degree Gross Abuse of a Corpse and remand this cause to the trial court to modify appellant's sentence with respect to post release control for the felony of the fifth degree Gross Abuse of a Corpse so that appellant's sentence shall include a requirement that appellant be subject to a period of post-release control of up to three years after appellant's release from imprisonment, if the parole board, in accordance with division (D) of R.C. 2967.28 determines that a period of post-release control is necessary for appellant."

**{¶42}** Based upon this Court's holding in *Richards*, we vacate Appellant's sentence and remand this cause to the trial court for the limited purpose of modifying Appellant's sentence with respect to the imposition of post-release control on the fifth

degree felonies for which Appellant was properly convicted on the charges of forgery. Appellant's sentence shall be modified to include a requirement Appellant be subject to a period of post-release control of up to three years after his release from imprisonment, if the parole board, in accordance with division (D) of R.C. 2967.28 determines a period of post-release control is necessary for Appellant.

**{¶43}** Appellant's fourth assignment of error is sustained.

**{¶44}** Appellants conviction entered by the Licking County Court of Common Pleas on one Count of receiving stolen property is reversed. Appellant's sentence on two counts of forgery is vacated and the cause remanded for the limited purpose of properly imposing post-release control in accordance with this opinion and the law.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                          :
    Plaintiff-Appellee                 :
                                          :
-vs-                                      :            JUDGMENT ENTRY
                                          :
JEFFREY RENNE                             :
                                          :
    Defendant-Appellant                :            Case No. 11-CA-127

For the reasons stated in our accompanying Opinion, Appellant's conviction entered by the Licking County Court of Common Pleas on receiving stolen property is reversed. Appellant's sentence on two Counts of forgery is vacated and this cause is remanded for the limited purpose of imposing post-release control in accordance with our Opinion and the law. Costs to the State.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ John W. Wise _____
HON. JOHN W. WISE