[Cite as *State v. McKenzie*, 2013-Ohio-2104.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  12 CO 4 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| TONY L. McKENZIE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
Court, Case No. 2010 CR 231.


JUDGMENT:                                        Conviction Affirmed.
Remanded for Resentencing.


APPEARANCES:
For Plaintiff-Appellee:                          Attorney Robert L. Herron
Prosecuting Attorney
Attorney Timothy J. McNicol
Asst. Prosecuting Attorney
105 S. Market Street
Lisbon, OH  44432

For Defendant-Appellant:                     Attorney Bryan H. Felmet
1100 Jackson Place
Steubenville, OH  43952


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated:  March 25, 2013

DeGenaro, P.J.

**{¶1}** Defendant-Appellant, Tony L. McKenzie, appeals the January 20, 2012 judgment of the Columbiana County Court of Common Pleas convicting him of one count of felonious assault and sentencing him accordingly. McKenzie argues that he was not properly notified about post-release control and that the length of the post-release control term imposed by the trial court was improper.

**{¶2}** McKenzie's arguments are meritorious. The trial court erroneously imposed a five-year discretionary term of post-release control, when McKenzie was actually subject to a three-year mandatory term pursuant to R.C. 2967.28(B)(2). Accordingly, the judgment of the trial court is affirmed regarding McKenzie's conviction and this cause is remanded for a limited resentencing hearing and judgment entry regarding post-release control pursuant to R.C. 2929.191(C).

## Facts and Procedural History

**{¶3}** McKenzie was diagnosed as HIV positive in 2003. In 2008 he married his wife whom he had met in 2007, and never told her about his HIV status. She discovered her husband's condition when he was hospitalized with pneumonia in 2010. Subsequently, she contacted the Columbiana County Sheriff's department. McKenzie was interviewed at his home by a detective and gave a written account of the above.

**{¶4}** On September 29, 2010, McKenzie was indicted by the Columbiana County Grand Jury on two counts of felonious assault, R.C. 2903.11(B)(1), second-degree felonies. McKenzie initially pled not guilty and counsel was appointed. Subsequently, McKenzie entered into a plea agreement with the State in which he agreed to plead guilty to Count One; in exchange the State agreed to dismiss Count Two, recommend a two-year prison sentence, and take no position on community control.

**{¶5}** At the October 28, 2011 plea hearing the trial court engaged in a colloquy with McKenzie regarding the rights he would give up by pleading guilty and accepted McKenzie's plea as knowingly, voluntarily and intelligently made. A pre-sentence investigation was ordered and prepared. At McKenzie's January 20, 2012 sentencing hearing, the State kept its promise to recommend a two-year sentence. The victim made a statement regarding the severe mental anguish that McKenzie's crime had caused.

McKenzie's sister and McKenzie each made statements in mitigation of punishment.

{¶6} The trial court sentenced McKenzie to three years in prison after considering McKenzie's extensive criminal history, the seriousness of the offense and that the crime was not as a result of a one-time impulsive decision. The trial court informed McKenzie that upon completion of his sentence he "may be supervised by the Parole Board on Post Release Control after being released from prison for a period of up to five years," and informed McKenzie about the consequences of violating post-release control.

{¶7} Regarding post-release control the trial court's sentencing entry stated:

> The Defendant may be supervised by the Parole Board on post release control for a period of five (5) years after released from prison. * * * If the Defendant violates a condition of post release control, the Parole Board may impose a prison sentence of up to one-half of the stated prison term originally imposed or other sentence allowed by law.

{¶8} On May 10, 2012, appointed appellate counsel filed a no-merit brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967); and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970). This court granted McKenzie 30 days to file a brief which he failed to do. On September 20, 2012, this court issued a judgment entry identifying a possible issue for review: whether appellant was properly notified about post-release control and whether the correct term of post-release control was imposed. The parties briefed the issue, with the State conceding the post-release control error.

### Post-release Control

{¶9} In his sole assignment of error, McKenzie asserts:

{¶10} "Appellant was not properly notified about post release control and the court improperly imposed a 5 year term of post release control rather than a 3 year term in accordance with ORC §2967.28(B)(2)."

{¶11} The trial court notified McKenzie during the sentencing hearing that he "may be" subject to a term of post-release control for "up to five years." This language was

repeated in the sentencing entry. R.C. 2929.19(B) requires that the trial court notify the defendant at the sentencing hearing that he will be subject to post-release control. Further, R.C. 2967.28(B) mandates that:

> * * * a sentence to a prison term for a * * * felony of the second degree * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * a period of post-release control required by this division for an offender shall be of one of the following periods: * * * (2) For a felony of the second degree that is not a felony sex offense, three years[.]

{¶12} McKenzie correctly asserts that he was actually subject to a mandatory three-year term of post-release control pursuant to R.C. 2967.28(B). McKenzie was convicted of felonious assault, a second-degree felony, codified in R.C. Chapter 2903. Even though McKenzie's crime involved sexual conduct, it does not meet the Revised Code definition in Chapter 2907 of a "felony sex offense" for post-release control purposes. R.C. 2967.28(A). Therefore, pursuant to R.C. 2967.28(B), a three-year mandatory term of post-release control should have been imposed. The trial court erred by failing to properly notify McKenzie about post-release control during the hearing, and by imposing an improper term of post-release control in the sentencing entry.

{¶13} We next turn to a remedy. In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the Ohio Supreme Court held that for "sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose post-release control, trial courts shall apply the procedures set forth in R.C. 2929.191." *Id.* at paragraph two of the syllabus. R.C. 2929.191 does not afford de novo sentencing hearings for defendants sentenced after July 11, 2006; rather, the resentencing pertains only to the flawed imposition of post-release control. *Id.* at ¶ 24.

{¶14} McKenzie was sentenced in 2012, thus subject to the sentence-correction mechanism of R.C. 2929.191, which states:

At any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison. * * *

Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. * * * At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

R.C. 2929.191(A)(1), and (C).

{¶15} McKenzie is entitled to a resentencing hearing concerning the sole issue of post-release control, along with a corrected sentencing entry with the proper post-release control advisement. His sole assignment of error is meritorious. Accordingly, the judgment of the trial court is affirmed regarding McKenzie's conviction and this cause is remanded for a limited resentencing hearing and judgment entry regarding post-release control.

Donofrio, J., concurs.

Waite, J., concurs.