[Cite as *State v. Griffin*, 2013-Ohio-2667.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.      25729 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM D. GRIFFIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE Nos.    CR 04 08 2840 <br> CR 05 01 0306 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2013

HENSAL, Judge.

{¶1}  William Griffin appeals two judgments of the Summit County Common Pleas Court sentencing him to a combined nine-and-a-half years in prison.  For the following reasons, this Court affirms.

I.

{¶2}  In 2005, Mr. Griffin pled guilty in two separate cases to possession of cocaine, trafficking in cocaine, and receiving stolen property.  The trial court sentenced him to five-and-a-half years imprisonment in case number CR 05 01 0306 and four years imprisonment in case number CR 04 08 2840, and ordered the sentences to run consecutively.  In 2009, Mr. Griffin moved to correct his sentences, arguing that they were void because the trial court had not correctly imposed post-release control.  In 2010, the court held a re-sentencing hearing, re-imposed the same prison terms and imposed post-release control.  Mr. Griffin has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

POSTRELEASE CONTROL WAS IMPROPERLY IMPOSED AND NEVER LAWFULLY INCLUDED IN MR. GRIFFIN'S SENTENCE. THUS, THE TRIAL COURT ERRED WHEN IT IMPOSED POSTRELEASE CONTROL AT MR. GRIFFIN'S RESENTENCING HEARING. NOVEMBER 15, 2010 JOURNAL ENTRY, CASE NO. CR 05 01 0306; NOVEMBER 15, 2010 JOURNAL ENTRY, CASE NO. CR 04 08 2840.

{¶3} In his first assignment of error, Mr. Griffin argues that the trial court incorrectly imposed post-release control when it resentenced him in case number CR 04 08 2840 because, at the time that he was resentenced, he had already served more than four years in prison. He notes that in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, the Ohio Supreme Court explained that, once a defendant "has already served the prison term ordered by the trial court * * * he cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control * * *." *Id*. at ¶ 18.

{¶4} In *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, the Ohio Supreme Court explained that the reason a trial court cannot impose post-release control on someone who has served the prison term previously imposed is because a court cannot correct a sentencing entry that has expired. *Id*. at ¶ 32. The problem with Mr. Griffin's argument is that his sentence in case number CR 04 08 2840 did not expire after he had served four years in prison. Revised Code Section 2929.41(B)(3) provides that, "[w]hen consecutive jail terms or sentences of imprisonment and prison terms are imposed for one or more * * * felonies under this division, the term to be served is the aggregate of the consecutive terms imposed * * *." For purposes of applying *Bezak*, therefore, Mr. Griffin's prison "term" was nine-and-a-half years. Because Mr. Griffin had not served nine-and-a-half years at the time the trial court resentenced him, we

conclude that it had authority to impose post-release control in both cases. Mr. Griffin's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND IMPOSED A SENTENCE THAT IS CONTRARY TO LAW WHEN IT STATED ON THE RECORD AT MR. GRIFFIN'S DE NOVO RESENTENCING HEARING THAT IT WAS REQUIRED TO IMPOSE THE SAME SENTENCE THAT WAS IMPOSED AT THE ORIGINAL SENTENCING HEARING. R.C. 2953.08(A)(4); CRIM. R. 52(B).

### ASSIGNMENT OF ERROR III

THE PERFORMANCE OF TRIAL COUNSEL WAS DEFICIENT, AND DEPRIVED MR. GRIFFIN OF THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶5} In his second assignment of error, Mr. Griffin argues that, at his resentencing hearing, the trial court incorrectly refused to consider imposing prison terms other than the ones it had originally imposed. In his third assignment of error, he argues that his lawyer should have objected when the trial court stated at the resentencing hearing that it believed it had no discretion to alter the length of his sentences.

{¶6} In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, the Ohio Supreme Court held that, "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with the decisions of the Supreme Court of Ohio." *Id.* at paragraph one of the syllabus. After the trial court resentenced Mr. Griffin, however, the Supreme Court clarified that "[t]he new hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph two of the syllabus. Accordingly, under *Fischer*, "the trial court only had the authority to hold a

resentencing hearing on the void part of Mr. [Griffin's] sentence, which was the part regarding post-release control." *State v. Gibson*, 9th Dist. No. 25085, 2011-Ohio-566, ¶ 8. "[It] did not have authority to change the length of Mr. [Griffin's] sentence, or modify any other aspects of the sentence except post-release control." *Id.*

{¶7}  Because the trial court only had authority to impose the correct term of post-release control when it resentenced him for his crimes, Mr. Griffin's arguments that the court should have reconsidered the length of his sentences and that his lawyer should have objected to the trial court's statements are without merit. Mr. Griffin's second and third assignments of error are overruled. Nevertheless, "[b]ecause the trial court exceeded its authority when it attempted to resentence Mr. [Griffin] on aspects of his sentence that were not void, those parts of the resentencing entry that addressed anything other than post-release control must be vacated." *Id.* at ¶ 9.

### III.

{¶8}  The trial court had authority to impose post-release control for each of Mr. Griffin's convictions, even though he had already served more than four years in prison. It incorrectly reconsidered aspects of Mr. Griffin's sentence that were not void. The judgment of the Summit County Common Pleas Court is affirmed in part and vacated in part.

Judgment affirmed in part<br>and vacated in part.

———

There were reasonable grounds for this appeal.

5

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

MELISSA M. PRENDERGAST, Assistant State Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.